U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAR STAFFELD,

      Plaintiff,

-v-

UNIVERSITY PARIS PANTHEON-ASSAS
d/b/a SORBONNE LAW SCHOOL, LAURENCE
IDOT, MICHAEL COUSIN, and LAURENT
CONVERT, jointly and severally,

      Defendants.
_____/

Case:5:24-cv-13472
Judge: Levy, Judith E.
MJ: Ivy, Curtis
Filed: 12-30-2024 At 09:40 AM
CMP AZAR STAFFELD V UNIVERSITY PARI
S PANTHEON, ET AL (LG)

AZAR STAFFELD
Plaintiff, *Pro Se*
341 Corrie Road
Ann Arbor, MI 48105
(734) 929-6969
azarstaffeld@gmail.com
_____/

## CIVIL ACTION COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, AZAR STAFFELD, appearing in this matter *Pro Se*, and for her Civil Action Complaint and Jury Demand against Defendants, UNIVERSITY PARIS PANTHEON-ASSAS d/b/a SORBONNE LAW SCHOOL, LAURENCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, states the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for civil damages and equitable/injunctive relief concerning unlawful grading practices and the intentional failing of Plaintiff by Sorbonne Law School and its named staff members identified herein, thereby depriving Plaintiff of the LLM program degree she properly and lawfully earned.

2. Plaintiff, AZAR STAFFELD, is an adult resident of the State of Michigan who currently resides in the City of Ann Arbor, County of Washtenaw, at the home commonly known as 341 Corrie

1

Road, Ann Arbor, MI 48105.

3. Defendant, UNIVERSITY PARIS PANTHEON-ASSAS d/b/a SORBONNE LAW SCHOOL (hereafter, "Sorbonne Law School"), is a multi-national educational institution which regularly conducts business in the State of Michigan through its university outreach programs and, upon information and belief, has a principal corporate office address of Panthéon-Sorbonne University in Bureau 406 B, Centre Malher, University of Paris I, 75005 Paris, France.

4. Defendant, LAURENCE IDOT, is an emeritus professor at Sorbonne Law School and a licensed European practitioner in the field of law.

5. Defendant, MICHAEL COUSIN, is a faculty member and associate professor at Sorbonne Law School and a licensed European practitioner in the field of law.

6. Defendant, LAURENT CONVERT, is a faculty member and associate professor at Sorbonne Law School and a licensed European practitioner in the field of law.

7. At all times relevant, Defendants conducted business in the State of Michigan through their acceptance of admission applications and receipt of payments from Michigan residents including Plaintiff and are subject to long-arm statute jurisdiction of this Court.

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692(p).

9. Based upon the facts and circumstances outlined above, jurisdiction and venue properly rest in this Court.

COMMON FACTUAL ALLEGATIONS

10. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

11. Azar Staffeld applied for admission to Sorbonne Law School and was accepted into the

University's LLM program, where she studied as a full-time student from June 2021 to June 2022.

12. After being accepted into Sorbonne Law School's LLM program, Plaintiff secured and expended funds necessary to establish housing, pay tuition, and travel between the U.S. and Paris, France to attend classes, despite the emergence of the Global Health Pandemic, which exposed her to a "high level of financial and health risk".

13. As outlined above, Plaintiff completed all required course work and earned passing grades as a student in Sorbonne Law School's LLM program.

14. Specifically, Azar Staffeld attended all required classes, participated meaningfully in class activities, passed the required examinations, and successfully completed the program.

15. However, an overall passing grade was not granted to Plaintiff due to two different arbitrary and capricious errors in grading: the first paper was not graded properly because the draft was graded and not the final paper, and the second paper was not given proper credit because the analysis was not read by the instructors' admissions.

16. Therefore, Plaintiff is entitled to full credit in both subjects and requesting the full grade and consequently graduation to be granted to the Plaintiff.

17. The several attempts to communicate the issues with President of the Program, Instructors and administration was unsuccessful because they claim there is not an "appeal policy to grades" in place at Sorbonne Law School.

18. Despite continuous attempts to resolve the capricious failing grades in two subjects one erroneously and the other capriciously, the School and Instructors refused to address the issue and made the Plaintiff nine (9) points shy of graduation.

19. During the global health pandemic, Plaintiff lost a tremendous amount of funds and exposed herself to loss of life, health and property to obtain an LLM degree at Sorbonne Law School.

20. Plaintiff has made all reasonable efforts to convince the Defendant School and Instructors to change her grades through written and verbal communications and pleading, but the Defendants have refused to properly update her academic record.

21. Plaintiff has exhausted all administrative remedies to communicate with Defendant School and Instructors, who are unwilling to reconsider the grades claiming not to have an appeal policy in place.

22. At the same time, Plaintiff was specifically advised by Defendant School and Instructors to document her appeal and objection and she communicated the issues clearly via several emails to the School Instructors along with the School President and Lead Administration.

23. While Plaintiff attempted in good faith to secure a passing grade, she was given one "zero" grade out of 20 by Instructor Laurent Convert and another "one" out of 20 by Instructors Laurance Idot and Michael Cousin.

24. Grading was done without proper and objective evaluation by the individual Defendants, who admitted that they did not even read the examination paper and grade via system analysis of the draft; the other paper purportedly failed because it was too long while the questions for a two-hour exam was 13 pages long.

25. Defendant School and Instructors never accurately and justly graded Plaintiff's written examinations and violated her equal opportunity rights for her time and efforts without consideration of her culture, national origin and her disability to grant extra time or even reading her exam papers because in one case the instructors did not read the answers, and in another the system uploaded a rough draft.

4

26. Plaintiffs never received a passing nor fair grades in the two subjects yet was promised a "fair grading."

27. Despite these failures by the School and Instructors to communicate with Plaintiff and addressing her issues with such an imperfect internal online system that was not user friendly; Instructors admitted to not even reading the exam paper because it was too long. The Defendant School and Instructors unlawfully failed to grant graduation status to the Plaintiff in bad faith.

28. Further, the Defendant School and Instructors refused to allow Plaintiff to reload or retake the exam and were unreasonable and capricious by not even hearing the reasonable and fair claim and created conditions for which Plaintiff attempts to be heard impossible.

29. As a direct result of the Defendants Sorbonne Law School and its Instructors' conduct and failures, Plaintiff was compelled to file this petition to obtain a just grade. The Plaintiff lost her investment equal to the amount of $1,000,000 upon usurious and unconscionable conditions the Defendants School and Instructors created for Plaintiff.

30. Defendant Sorbonne Law School owes a graduate degree to the Plaintiff along with a fair and objective regrading of the two examination papers that were not read or properly considered.

31. Moreover, Plaintiff has been compelled to pay for housing, tuition, transportation, and food to secure a home away from home for about one year.

32. Plaintiff exposed herself to a high risk of contamination in being alongside several staff members and students who were positive for COVID-19.

33. Thereafter, Defendants unlawfully, in bad faith, and in predatory fashion, initiated proceeding to deprive the Plaintiff of fair hearing, fair grading and subsequently fair treatment in violation of Plaintiff's statutory rights and in direct contravention of the specific representations of Defendants' authorized agents.

34. Despite such requirements, Plaintiff never received answers for several attempts to appeal grades, to communicate the system's error, and pleading to the instructors to revisit their unfair, capricious and discriminatory grading practices and accreditation standards.

35. Finally, under the Equal Protection Clause and 14th Amendment to the U.S. Constitution, Plaintiff has a right to due process and equal protection and to dispute the validity of the alleged grades prior to finalizing the grading proceedings being initiated and were never afforded this opportunity.

36. Plaintiff now comes to this Court seeking just and immediate relief in order to seek redress and prevent further unlawful and discriminatory actions and practices by the Defendants.

### COUNT I – DECLARATORY ACTION CONCERNING IMPROPER AND DISCRIMINATORY GRADING PRACTICES

37. Plaintiff incorporates and realleges all above paragraphs as if set forth in full.

38. Plaintiffs seek declaratory and injunctive relief against Defendants regarding the zero out of 20 grade in the Mergers and Acquisitions course taught by Instructor Laurent Convert, and the 1 out of 20 grade in the Competition Law course taught by Instructors Laurence Idot and Michael Cousin.

39. Plaintiff is the rightful and equitable owner of the LLM graduate degree and passing grades described in this Complaint.

40. Defendants unlawfully initiated and graded the draft verses the final paper against the law and in violation and in contravention of the representations of Defendant Sorbonne Law School and its authorized agents.

41. Plaintiffs seek a judicial determination that she has lawfully passed her LLM courses and a graduate degree from Sorbonne Law School is vested in the name of Azar Staffeld.

42. Defendants' actions and misconduct are an attempt to encroach and unlawfully interfere with Plaintiff's rights and interest in, and use of, the LLM Degree which should have been granted to the Plaintiff.

43. Plaintiff has suffered special damages in having to initiate this lawsuit in the form of court costs, reasonable legal fees, and other consequential and incidental costs as a result of Defendants' actions and misrepresentations.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court enter equitable and injunctive relief in her favor and against Defendants, SORBONNE LAW SCHOOL, LAURENCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, as follows:

   A. For a declaration of the rights and duties of the parties, specifically that the prevention of the Plaintiff to graduate the LLM Program unlawful;

   B. For issuance of an Order canceling the unfair and capricious grades, declaring that Plaintiff has rightfully earned her LLC graduate degree from Sorbonne Law School, ordering Defendant Sorbonne Law School to update her academic record and issue her degree, and directing Defendants to pay Plaintiff the sum of $1,000,000 forthwith;

   C. To grant the right to graduate LLM Program in favor of Plaintiff and against Defendants; and

   D. To grant such additional relief as the Court deems just and proper.

## COUNT II – INJUNCTIVE RELIEF

44. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

45. As a direct and proximate result of the actions, omissions, and misrepresentations of Defendants, Plaintiff has suffered – and will continue to suffer – absent injunctive relief within the jurisdiction of this Court, irreparable injury for which their remedies at law are inadequate.

46. That the irreparable injury likely to be sustained by Plaintiff includes, but is not limited to, loss of property and her right to graduate the LLM Program that is unique and irreplaceable.

47. Plaintiff will further be irreparably harmed if a Temporary Restraining Order and Preliminary Injunction are not granted setting aside the subject denial of issuance of LLM Degree, as Plaintiff will suffer irreparable damage to their personal prestige and academic credits causing inability to obtain other degrees.

48. Injunctive relief is needed to prevent further irreparable injury to Plaintiff as a result of Defendants' wrongful acts as outlined above.

49. Plaintiff is likely to succeed on the merits of her claims, and any relative harm to Defendants, who are knowingly acting in contravention of the law and in violation of their duties owed to Plaintiff, is far outweighed by the continuing harm facing Plaintiff.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests the following relief:

A. That the Court enter a Temporary Restraining Order pursuant to MCR 3.310(B), restraining Defendants and their authorized representatives from completing the penalizing process and continuing to refuse to issue the LLM Degree to Plaintiff;

B. That the Court issue an Order to Show Cause and set a hearing date to compel Defendants to show why this Temporary Restraining Order should not be made a Preliminary Injunction;

C. That the Court issue a Preliminary Injunction enjoining Defendants and their authorized representatives from completing the process of failing the Plaintiff;

D. Enter an award of interest, costs, and reasonable legal fees so wrongfully incurred by Plaintiff and directing Defendants to pay the amount of $1,000,000 to the Plaintiff to prevent further economic damage and emotional harm, on or before January 15, 2025; and

E. To grant such additional relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT

50. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

51. Azar Staffeld and Defendant Sorbonne Law School entered into a valid and legally enforceable contract.

8

52. The parties had sufficient capacity to enter into the agreement and the contract was supported by lawful consideration.

53. Plaintiff was obligated to attend classes, interact with instructors and students, and follow the syllabus and take examinations.

54. Defendant Sorbonne Law School and its Instructors were to render fair and equitable grading and ensure the Plaintiff succeed in the materials presented.

55. Instead, Defendant Sorbonne Law School and its Instructors utilized unclear grading rubrics which failed to provide clear detail and objective criteria as to how examinations would be evaluated, making it difficult for Plaintiff to know how Defendants reached the grades despite academic achievements of the Plaintiff.

56. Defendant Sorbonne Law School and its Instructors failed to provide the Plaintiff with timely feedback, opportunity to make corrections, and did not provide constructive solutions to her objection to unfair and capricious grading practices by the instructors.

57. Moreover, Defendant Sorbonne Law School freely consented to the terms of the acceptance of the Plaintiff into the LLM Program and both parties were mutually bound by its terms and conditions of grading based on academic factors. The grades were highly subjective and heavily based on personal preference and opinions rather than objective standards.

58. Plaintiff complied with her material obligations under the agreement between the parties.

59. Defendants Sorbonne Law School breached the agreement between the parties through its conduct and failures as outlined above by deflation of Plaintiff's grades, lack of explanation of how grades are calculated by its faculty members and administration to provide logical and factual explanation and clarification of the reasons behind granting the lowest grade in the class to Plaintiff despite her outstanding presentation and performances.

60. As a direct and proximate result of Defendant's material breach of contract, Plaintiff has suffered significant damages for which they are entitled to recover.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court grant a Judgment in her favor and against Defendant, SORBONNE LAW SCHOOL, in an amount not less than $1,000,000.00 to which Plaintiff is found to be entitled, and further grant any other such relief this Court deems necessary and just.

### COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

62. The Defendants violated Plaintiff's consumer rights under 15 U.S.C. § 1692 by collecting tuition and other fees from Plaintiff while grading inconsistently, relying upon criteria not clearly outlined in syllabus, and refusing to properly consider the original work and examination responses of Plaintiff.

63. Defendants also violated Plaintiff's rights by refusing to provide support, mentorship, tutoring, and contact during posted office hours with the Instructors to help mitigate the risk of Plaintiff's failure.

64. Defendants knew the high probability that injury and damages to Plaintiff would result and despite such knowledge, the School & Instructors intentionally and maliciously refused to call off the Plaintiff's graduation causing outrageous social embarrassments by denying the Plaintiff any grade appeal or correction rights.

65. Because the conduct of Defendant School and Instructors was frequent and persistent, and based on the nature of the violations being so egregious and part of a deliberate scheme, Plaintiff is entitled to the maximum possible relief under 15 U.S.C. §§ 1692k(a).

66. Plaintiff also requests actual damages, statutory damages, pain and suffering, mental anguish, and exemplary damages.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court grant a Judgment in her favor and against Defendants SORBONNE LAW SCHOOL, LAURANCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, in an amount not less than $1,000,000.00 to which Plaintiff is found to be entitled, and further grant any other such relief this Court deems necessary and just.

### COUNT V – FRAUDULENT MISREPRESENTATION

67. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

68. Defendants owed a duty to Plaintiff and other students to act with ordinary and reasonable care in the performance of their job duties.

69. Defendant School and its authorized agents made false representations of material facts to Plaintiff regarding the Plaintiff's grades owed in connection with the obtaining the degree and exhibition of fair grading practices without any prejudice to the Plaintiff and other students and acting in good faith after taking notes, research, full attendance and participation in classes regarding Defendants' right to prevent the Plaintiff to graduate the Program despite outstanding performance and presentations and research and exam paper and IRAC analysis under the law.

70. The representations of Defendant School and its authorized agents were false when they were made, or they were made recklessly, without knowing whether they were true and utterly capricious with no appeal rights to Plaintiff.

71. Defendant School and its authorized agents intended that Plaintiff rely on said representations and conduct.

11

72. Plaintiff in fact relied upon Defendants' false representations of material fact and conduct.

73. As a direct and proximate result of Defendants' false representations and deceptive conduct, Plaintiff has suffered severe economic and emotional damages for which she is entitled to recover.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court grant a Judgment in her favor and against Defendants SORBONNE LAW SCHOOL, LAURANCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, in an amount not less than $1,000,000.00 to which Plaintiff is found to be entitled, and further grant any other such relief this Court deems necessary and just.

### COUNT VI – UNJUST ENRICHMENT

74. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

75. Defendants Sorbonne Law School, Laurance Idot, Michael Cousin, and Laurent Convert received the benefit of the value of Plaintiff's payment of tuition and cost of living and attendance and have acted in bad faith.

76. Further, Defendants wrongfully and unlawfully failed the Plaintiff on the Subject classes with no right to appeal the grade and failed to secure a "GRADE APPEAL POLICY", which upon information and belief has caused the Plaintiff a loss of time, money and LLM degree in value exceeding $1,000,000.00, by claiming that Plaintiff failed to meet the standard that was very low to begin with by presentations and grading of instructors with very poor English knowledge.

77. This has resulted in an inequity to the Plaintiff and constitutes an unjust enrichment of the Defendants at Plaintiff's expense. See *United States v. Ford*, 64 F. App'x 976, 983 (6th Cir. 2003) and *Restatement (Third) of Restitution & Unjust Enrichment*.

78. Plaintiff comes to the Court with "clean hands" and are entitled to equitable relief in the form of quantum meruit. *Rose v Nat'l Auction Group*, 466 Mich 453, 646 NW2d 455 (2002).

79. Principles of equity dictate that Plaintiff is entitled to recover an amount which fairly compensates her for the losses outlined herein for travel, lodging, tuition, food, transportation, separation from family, exposure to COVID in a highly populated City of Paris during the pandemic and studying hard in two languages immediately paid to the Plaintiff.

80. It is inequitable for Defendants to retain the benefits of failing the Plaintiff in acquiring her degree.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court grant a Judgment in her favor and against Defendants SORBONNE LAW SCHOOL, LAURANCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, in an amount not less than $1,000,000.00 to which Plaintiff is found to be entitled, and further grant any other such relief this Court deems necessary and just.

### COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

82. The conduct of Defendants as described above would naturally and probably result in emotional distress.

83. Defendants' gross negligence proximately caused severe emotional distress to Plaintiff.

84. The emotional distress suffered by Plaintiff has physically manifested itself in symptoms including, but not limited to:
    a) Sleeplessness;
    b) Increased anxiety;
    c) Headaches;

    d) Nausea;

    e) Nightmares;

    f) Cold sweats;

    g) Loss of appetite;

    h) Loss of consortium;

    i) Shaking hands;

    j) Two heart attacks; and

    k) Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff, AZAR STAFFELD, respectfully requests that this Honorable Court grant a Judgment in her favor and against Defendants SORBONNE LAW SCHOOL, LAURANCE IDOT, MICHAEL COUSIN, and LAURENT CONVERT, jointly and severally, in an amount not less than $1,000,000.00 to which Plaintiff is found to be entitled, and further grant any other such relief this Court deems necessary and just.

Respectfully submitted,

By: _____
Azar Staffeld
*Plaintiff, Pro Se*

Dated: December 30, 2024

### JURY DEMAND

Plaintiff, AZAR STAFFELD, hereby demands a jury trial in this matter pursuant to MCR 2.508(B) for all claims triable by jury.

Respectfully submitted,

By: _____
Azar Staffeld
*Plaintiff, Pro Se*

Dated: December 30, 2024

14

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AZAR STAFFELD

(b) County of Residence of First Listed Plaintiff: Washtenaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
University of Sorbonne Law School

County of Residence of First Listed Defendant: Paris, France
*(IN U.S. PLAINTIFF CASES ONLY)*

Case: 5:24-cv-13472
Judge: Levy, Judith E.
MJ: Ivy, Curtis
Filed: 12-30-2024 At 09:40 AM
CMP AZAR STAFFELD V UNIVERSITY PARIS PANTHEON, ET AL (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

[X] 448 Education

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Brief description of cause: Educational Suit

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: 12/30/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Azar Staffeld

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :