# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Azar Staffeld,

                    Plaintiff,          Case No. 24-cv-13472

v.                                      Judith E. Levy
                                        United States District Judge
University Paris Pantheon-Assas,
*et al.*,                               Mag. Judge Curtis Ivy, Jr.

                    Defendants.

_____/

## ORDER DECLINING TO ADOPT
## REPORT AND RECOMMENDATION [11]

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation recommending the Court dismiss from this action without prejudice Defendants University Paris Pantheon-Assas d/b/a Sorbonne Law School, Laurence Idot, Michael Cousin, and Laurent Covert. (ECF No. 11.) The parties were required to file specific written objections, if any, within fourteen days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). No objections were filed.[1] The Court has

---

[1] The Court notes that documents titled "Proof of Service" along with registered mail receipts were submitted to the Court within the fourteen-day objections period.

nevertheless carefully reviewed the Report and Recommendation. For the reasons set forth below, the Court declines to adopt it.

The Report and Recommendation recommends the dismissal of all Defendants in the case without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 11, PageID.36.) The Report and Recommendation notes that "[o]n December 30, 2024, Plaintiff Azar Staffeld filed this lawsuit." (*Id.*) The Report and Recommendation states that Magistrate Judge Ivy previously issued a show cause order in which

> the Court warned Plaintiff that if Defendants were not served within ninety days of filing the complaint, then the Court would recommend dismissing, without prejudice, all unserved Defendants absent a showing of good cause as required under Federal Rule of Civil Procedure 4(m). The Court has not received a response to that show cause order. As of [April 2, 2025 (the date of the Report and Recommendation)], the Defendants remain unserved.

---

(ECF No. 12.) Those documents were filed on the docket by the Clerk's Office in a single docket entry that is labeled "CERTIFICATE OF SERVICE." (*Id.*) The filing does not contain Plaintiff Azar Staffeld's signature; however, certain pages are signed by a person named Karl Staffeld who apparently shares Plaintiff's last name and address. (*Id.* at PageID.39–42.) Karl Staffeld is identified as the server on those pages. (*Id.*) Because the filing was not clearly submitted by Plaintiff and makes no mention of the Report and Recommendation, the Court does not construe the filing as an objection to the Report and Recommendation. Regardless, the Report and Recommendation will not be adopted, as set forth below.

(*Id.*) The Report and Recommendation states that because "ninety days have passed since Plaintiff filed the complaint, the undersigned **RECOMMENDS** that all Defendants to this action be **DISMISSED WITHOUT PREJUDICE**." (*Id.* (emphasis in original).)

The Court cannot adopt the Report and Recommendation's recommendation to dismiss Defendants without prejudice under Rule 4(m). The complaint submitted by Plaintiff, who is self-represented, and other filings on the docket indicate that Defendants are located in Paris, France. (*See* ECF Nos. 1, 5, 12.) Various subdivisions within Rule 4 involve service on a defendant in a foreign country. Rule 4(f) discusses serving an individual in a foreign country. Fed. R. Civ. P. 4(f). Rule 4(h)(2) covers serving a corporation, partnership, or association "at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(h)(2). Rule 4(j)(1) addresses serving "[a] foreign state or its political subdivision, agency, or instrumentality." Fed. R. Civ. P. 4(j)(1).

Rule 4(m) establishes a ninety-day time limit for service in certain circumstances. Fed. R. Civ. P. 4(m). However, it explicitly excludes Rule 4(f), 4(h)(2), and 4(j)(1) from the application of the ninety-day period. Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).*

Fed. R. Civ. P. 4(m) (emphasis added).

Thus, the language of Rule 4(m) instructs that the ninety-day time limit for service contained in that rule does not apply to service in a foreign country on an individual, corporation, partnership, or association or to service on a foreign state or its political subdivision, agency, or instrumentality. As noted, filings that appear on the docket reflect that Defendants are located in Paris, France. (*See* ECF Nos. 1, 5, 12.) The Court therefore concludes that the dismissal of Defendants is inappropriate in this case under Rule 4(m) due to Plaintiff's failure to serve Defendants within ninety days of when the complaint was filed.

Accordingly, the Court declines to adopt the Report and Recommendation. (ECF No. 11.)

IT IS SO ORDERED.

Dated: May 14, 2025                    s/Judith E. Levy

4

Ann Arbor, Michigan

JUDITH E. LEVY
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager