UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AZAR STAFFELD,<br>      Plaintiff,<br>v.<br><br>UNIVERSITY PARIS<br>PANTHENON-ASSAS, *et al.*,<br>      Defendants.<br>_____/ | Case No. 24-13472<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER REGARDING SERVICE OF PROCESS, DENYING AS MOOT DEFENDANT UNIVERSITY'S MOTION TO SET ASIDE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO SET ASIDE (ECF Nos. 19, 20)**

In the Report and Recommendation filed concurrently with this Order, the undersigned recommended that Plaintiff's motions for default judgment be denied without prejudice because Plaintiff did not first obtain an entry of default from the Clerk's Office as required under Federal Rule of Civil Procedure 55(a). If Plaintiff wants to obtain an entry of default against Defendants, she must first properly serve Defendants. *See Meitzner v. City of Sterling Heights*, No. 22-12634, 2023 WL 5275100, at *3 (6th Cir. Mar. 29, 2023); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Because there are issues with Plaintiff's attempts to serve Defendants, the Court addresses those issues now.

On January 8, 2025, Plaintiff filed a "Certificate of Service" with the Court. (ECF No. 5). There Plaintiff stated that she sent a summons—without the

signature of the clerk of the court or the court's seal—and copy of her complaint to Defendant University Paris Panthenon-Assas ("the University") in Paris, France on January 2, 2025 via international certified mail. (*Id.* at PageID.22-25). She did not include service of process documents for the other Defendants. According to the United States Postal Service ("USPS") tracking history for the package, the documents were delivered on January 20, 2025. That said, Plaintiff has not filed a signed return receipt from the University.

On January 24, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and ordered Plaintiff to provide the documents needed to effectuate service of process on Defendants to the Clerk's Office so the United States Marshals Service ("USMS") could do so. (ECF Nos. 6, 7). On April 11, 2025, Plaintiff submitted a filing entitled "Certificate of Service" indicating that "Karl Staffeld," presumably someone related to Plaintiff, served summonses on Defendants via "Certified International Mail" on April 3, 2025. (ECF No. 12). Though this filing did not include copies of the summonses, it included "Registered Mail Receipt[s]" from the USPS dated April 3, 2025 bearing the name of each Defendant. (*Id.* at PageID.43). The receipt lists the same address for each Defendant and bears one tracking number suggesting the documents were sent in one package. (*Id.*). According to the USPS tracking history, the package was

2

delivered on April 14, 2025. The record does not contain any signed return receipts from this mailing.

Plaintiff also included with her motions for default judgment evidence of yet another attempt to serve Defendants. The last page in each motion is a USPS receipt from May 20, 2025 as well as Registered Mail Receipts bearing Defendants' names and the same address for each of them (just like Plaintiff's mailing from April 3, 2025); the USPS receipt includes a tracking number for four different packages, one for each Defendant. (*See, e.g.*, ECF No. 14, PageID.78-79). The online tracking history shows that each package was delivered on June 6, 2025. Once more, however, there are no signed return receipts from this mailing in the record. Plaintiff also did not include copies of any of the documents sent to Defendants with this additional attempt at service of process.

Plaintiff's filings suggest that Plaintiff did not obtain proper service of process documents from the Clerk's Office. There is no docket entry indicating the Clerk's Office issued properly signed summonses to Plaintiff—indeed, the only summons in the record was unsigned. At most, it would appear that Plaintiff has mailed improper service documents to Defendants. Defendants therefore have not received proper service of process.

First, the Federal Rules of Civil Procedure state that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.

3

If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b).  As explained above, nothing in the record shows that the Clerk's Office issued a signed summons bearing the seal of the Court to Plaintiff.  Instead, Plaintiff seemingly mailed an unsigned summons without a seal at least once; without any action from the Clerk's Office, it stands to reason that Plaintiff did the same with her other attempts to serve process.

This error renders Plaintiff's attempts to serve process improper.  *See United States v. Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight . . . .  The provisions of Rule 4[ ] are designed to assure a defendant that the summons was issued by the clerk of the court *not by plaintiff or plaintiff's attorney*.") (emphasis added); *Lagarde v. Chase Bank U.S.A.*, No. 10-12218, 2010 WL 5056190, at *2 (E.D. Mich. Dec. 6, 2010) (explaining that service of process was improper where Plaintiff failed to issue a summons "signed by the clerk" with "the court's seal"); *Hawkins v. United States*, No. 3:22-cv-00698, 2024 WL 4887551, at *4 (M.D. Tenn. May 6, 2024) ("The summonses [the plaintiff] filed without the Clerk's signature or the Court's seal are invalid."), *report and recommendation adopted*, 2024 WL 4886053 (M.D. Tenn. Nov. 22, 2024).

Even if Plaintiff included appropriate summonses with her mailings, her attempts to serve Defendants remain improper because of the method she used: international certified mail.

Rule 4(f) articulates the authorized methods for service of process on individual defendants residing in foreign countries. Rule 4(f)(1) authorizes service in a manner consistent with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361 (hereafter "the Convention"). Service in accordance with the Convention is mandatory when both countries are signatories. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). As the United States and France are both signatories, service that comports with the Convention is mandatory. *See Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 830 (E.D. Mich. 2002); Hague Conference on Private Int'l Law, Status Table, (hereafter "HCCH, Status Table"), https://perma.cc/ZKN3-4VST (last visited Aug. 13, 2025).

The Convention's "'primary innovation' . . . is that it 'requires each state to establish a central authority to receive requests for service of documents from other countries.'" *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017) (quoting *Schlunk*, 486 U.S. at 698). In fact, "service through a country's central authority is the only method of service that the Convention affirmatively authorizes[.]" *C.A.T. Glob. Inc. v. Gill X Transp. Grp.*, No. 24-cv-10319, 2025 WL 101075, at *2 (E.D.

5

Mich. Jan. 15, 2025). *See also Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). As relevant here, Article 10 of the Convention states it does not interfere with "(a) the freedom to send judicial documents, by postal channels, directly to persons abroad" so long as "the State of destination does not object." *Water Splash*, 581 U.S. at 275 (quoting 20 U.S.T. at 363). After reviewing the text and structure of the Convention as well as persuasive extratextual sources, the Supreme Court held that Article 10(a) permitted mailed service of process. *Id.* at 276-84. Importantly, however, the Court observed that the Convention does not affirmatively authorize service by mail. *Id.* at 284. Accordingly, "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.*

So the issue is whether Plaintiff's attempts at service via international certified mail satisfy the two-step process articulated in *Water Splash*. Regarding the first step, France does not object to service of process via mail. *See* HCCH, Status Table; *Oura Health Oy v. Circular SAS*, No. 6:22-CV-00478, 2023 WL 11983061, at *1 (W.D. Tex. June 1, 2023); *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 50 (D.D.C. 2013).

Plaintiff's problem, however, is the second step. There must be "otherwise-applicable law" from the law of the forum in which the suit is filed that authorizes

6

service via international certified mail. *See Water Splash*, 581 U.S. at 284 (citing *Brockmeyer*, 383 F.3d at 803-04). In other words, do the Federal Rules of Civil Procedure authorize service of process in this manner? *See Brockmeyer*, 383 F.3d at 803-04; *C.A.T. Glob. Inc.*, 2025 WL 101075, at *3; *Wyndham Hotel Grp. Canada v. 683079 Ontario Ltd.*, No. 17-4000, 2018 WL 2078704, at *5 (D.N.J. May 4, 2018).

In short, they do not. The Hague Convention does not affirmatively authorize service by mail, so Rule 4(f)(1) does not authorize service by mail. Nor does Rule 4(f)(2) authorize such service. French law does not permit mailed service, (Rule 4(f)(2)(A)), this case does not involve a letter rogatory or letter of request, (Rule 4(f)(2)(B)), Plaintiff did not attempt personal service, (Rule 4(f)(2)(C)(i)), and the attempts at mailed service came from Plaintiff, not the Clerk's Office, (Rule 4(f)(2)(C)(ii). *See Trzaska v. L'Oreal USA, Inc.*, 2017 WL 6337185, at *2-3 (D.N.J. Dec. 12, 2017) (explaining that mailed service documents to defendants in France was not authorized under the Federal Rules in factually analogous circumstances). *See also C.A.T. Glob. Inc.*, 2025 WL 101075, at *3. That *Trzaska* involved "Priority Mail Express International" and not international certified mail is immaterial. Other courts post-*Water Splash* have determined that mailing—regular or certified—is not authorized under the Federal Rules of Civil Procedure when sent directly from the plaintiff and not from the clerk of the court.

*See, e.g.*, *Jones v. Invasix, Inc.*, 2020 WL 2542603, at *7 (M.D. Tenn. May 19, 2020) (citing 1 Moore's Federal Practice—Civil § 4.52[2][d] (2020) and explaining that service by mail is only authorized under Rule 4(f)(2)(C)(ii) which requires mailed service to be sent by the clerk); *Wyndham*, 2018 WL 2078704, at *3-6 (finding the plaintiff's attempt to mail service via International Registered Mail improper under the Federal Rules).

Plaintiff also cannot rely on Rule 4(f)(3) because that Rule requires leave from the Court to effect service by mail, and Plaintiff did not receive such authorization from the Court. *See Jones*, 2020 WL 2542603, at *7 (citing *Lexmark Int'l, Inc. v. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013)); *Trzaska*, 2017 WL 6337185, at *3; *Brockmeyer*, 383 F.3d at 806.

As the Federal Rules of Civil Procedure do not authorize Plaintiff's attempts to serve process on the individual Defendants in France via international certified mail, those attempts were improper.

So too it would seem are Plaintiff's attempts to serve the University in the same manner.[1] Though the University is not an individual, it is unclear which provision of the Federal Rules applies. If the University is a foreign corporation,

---

[1] Though the University appeared to oppose Plaintiff's motions for default judgment, this does not render Plaintiff's attempts at service of process proper. *See King v. Taylor*, 694 F.3d 650, 656-57 (6th Cir. 2012) ("[D]efendant's full awareness that he had been sued makes no legal difference to the question whether he was properly served.").

then the analysis regarding Plaintiff's attempts to serve the individual Defendants applies with equal force. *See* Fed. R. Civ. P. 4(h)(2) (referring to Rule 4(f), except Rule 4(f)(2)(C)(i), when attempting to serve a foreign corporation).

If the University is an agency or instrumentality of a foreign state, then service of process must be in accordance with 28 U.S.C. § 1608. *See* Fed. R. Civ. P. 4(j)(1). And under that statute, Plaintiff's attempts at service of process are similarly deficient. Nothing in the record suggests that there exists a "special arrangement for service" between Plaintiff and the University—and if there was, there would still be the issue of the unsigned and unsealed summonses. *See* 28 U.S.C. § 1608(b)(1). Plaintiff also did not attempt to serve the University in the United States, and the Convention—which is mandatory in this case, *see Schlunk*, 486 U.S. at 699—does not authorize mailed service. *See* 28 U.S.C. § 1608(b)(2). And again, this case does not involve a letter rogatory or letter of request, mailed service from the Clerk's Office, or alternative-service pursuant to a Court order. *See* 28 U.S.C. § 1608(b)(3)(A)-(C). Consequently, Plaintiff's attempts to serve the University are deficient under Rule 4(h)(2) and Rule 4(j)(1).

All that said, Plaintiff is *pro se* and proceeding IFP. She has clearly tried to serve Defendants, and the Court will not fault her for her prior attempts at service of process. To cure this service issue, the Court finds it best to return to its original instructions to Plaintiff to provide service of process documents to the Clerk's

9

Office, so that the clerk may issue proper summonses. (ECF No. 7). Typically, the USMS is responsible for effecting service of process on behalf of IFP plaintiffs. But the USMS is not authorized to serve foreign defendants. *See, e.g.*, *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2014 WL 950961, at *3 (S.D. Ohio Mar. 11, 2014); *Winston v. Takata Corp.*, No. 20-CV-596, 2020 U.S. Dist. LEXIS 105951, at *1-2 (E.D. Wis. June 16, 2020); U.S. Marshals Service, Foreign Process, https://perma.cc/277G-EH28 (last visited Aug. 22, 2025) (indicating the USMS is not authorized to serve foreign defendants even after a Court orders otherwise).

Thus, the onus remains on Plaintiff to effect proper service of process. Plaintiff should review Federal Rules 4(f), (h)(2), and (j)(1), determine which Rules apply here (especially as it relates to the University), and effect service of process in the proper manner.

Though plaintiffs typically have ninety days after the date they filed their complaint to serve defendants, that restriction does not apply to service of defendants in foreign countries under Rules 4(f), (h)(2), and (j)(1). Fed. R. Civ. P. 4(m). "Without guidance from the text of Rule 4, there is a considerable difference of opinion among circuits regarding what—if any—time limits apply to serve process on a foreign defendant." *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1041 (E.D. Mich. 2019) (internal quotation and citation omitted). As far as

the Court can tell, the Sixth Circuit has provided no guidance on this issue. *Id.* at 1041 n.3. Most circuits that have addressed this issue have determined that "'a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant.'" *Id.* (quoting *Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015)). *See also Blackstone Int'l, Ltd. v. Zhejiang Mikia Lighting Co.*, No. GLR-19-243, 2021 WL 100692, at *3 (D. Md. Jan. 12, 2021) (referring to a similar standard and citing to the Second and Seventh Circuits).

Plaintiff attempted to serve the University three times and the individual Defendants two times in January, April, and May of this year. The Court finds that Plaintiff was diligent in her (albeit improper) attempts to serve Defendants. Even so, this case is nearly nine-months old and remains stuck at the service stage of the litigation. "The Hague Convention provides for a time limit of six-months." *Miller v. Generac Power Sys.*, 2016 U.S. Dist. LEXIS 173382, at *2 (E.D. Mich. Dec. 15, 2016) (citing *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013)). Under the circumstances, the Court will afford Plaintiff an additional **ninety days from the date of this Order** to properly serve Defendants.

Plaintiff is therefore **ORDERED** to obtain proper summonses from the Clerk's Office **within fourteen days of this Order**. Plaintiff has **ninety days**

11

**from the date of this Order** to properly serve Defendants in accordance with the applicable Rules (Rules 4(f), (h)(2), or (j)(1)).

Separate from the service issue is the University's July 18, 2025 filing. (ECF No. 19). Though the filing is docketed as a response to Plaintiff's motion for default judgment against the University, the document itself is titled as a "Motion to Set Aside." As there is no entry of default or default judgment to set aside—and the undersigned has recommended that Plaintiff's motions for default judgment be denied without prejudice—the University's motion is **DENIED AS MOOT**. Confusingly, Plaintiff refiled the University's motion to set aside. (ECF No. 20). For the same reasons, this motion is **DENIED AS MOOT** as well.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 25, 2025              s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 25, 2025.

                                                        s/Sara Krause
                                                        Case Manager
                                                        (810) 341-7850