**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Azar Staffeld,

Plaintiff,

v.

University Paris Pantheon-Assas, *et al.*,

Defendants.

_________________________________/

Case No. 24-cv-13472

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [31] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30]**

On March 30, 2026, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") (ECF No. 30) recommending the Court dismiss without prejudice the complaint filed by Plaintiff Azar Staffeld (ECF No. 1), deny Plaintiff's motion for an extension of time (ECF Nos. 27, 29), and strike the document submitted by Defendant University Paris Pantheon-Assas d/b/a Sorbonne Law School. (ECF No. 19.) Plaintiff, who is self-represented or proceeding *pro se*, filed

objections to the R&R.[1] (ECF No. 31.) For the reasons set forth below, Plaintiff's objections (*id.*) are OVERRULED, the R&R (ECF No. 30) is ADOPTED, the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, Plaintiff's motion for an extension of time (ECF Nos. 27, 29) is DENIED, and the University Paris Pantheon-Assas' submission (ECF No. 19) is STRICKEN.

## I. Background

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 30, PageID.446–451.)

---

[1] Plaintiff's filing is titled "Plaintiff's Opposition to Report and Recommendation to Dismiss Plaintiff's Complaint and Motion for Continuance." (ECF No. 31, PageID.479.) To the extent Plaintiff intends that the filing consist of objections to the R&R as well as a separate motion, the filing violates Eastern District of Michigan Local Rule 7.1(i). That rule states:

> Motions must not be combined with any other stand-alone document. For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be stricken.

E.D. Mich. LR 7.1(i). In light of Plaintiff's *pro se* status, the Court will not strike her filing and will consider the arguments she presents in it. The Court, however, treats the filing as objections to the R&R and not as a motion for a continuance. Regardless, the relief sought in Plaintiff's objections is the same as the relief sought in the motion for a continuance: that the case not be dismissed and that it be allowed to proceed.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that

objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

Plaintiff objects only to the R&R's recommendation to dismiss the complaint.[2] (*See* ECF No. 31, PageID.480 ("In response to the unfair recommendation for Plaintiff's complaint to be dismissed . . . ."); *id.* at PageID.483 ("Plaintiff is requesting this Honorable Court to deny the recommendation to dismiss the case.").) The R&R "finds that there are two independent bases for dismissing Plaintiff's Complaint": (1) failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)[3] and (2) "lack of due diligence with respect to service of process" based on Plaintiff's

---

[2] Plaintiff appears to agree with the R&R's recommendation to strike the document submitted by the University Paris Pantheon-Assas. (*See* ECF No. 31, PageID.483 ("The answer the Defendants provided should be struck . . . .").)

[3] In recommending dismissal under § 1915(e)(2)(B), the R&R recommends that the Court (1) dismiss the counts purely seeking declaratory and injunctive relief (Counts I and II) because they "pertain to remedies, not independent causes of action" (ECF No. 30, PageID.453), (2) dismiss Plaintiff's single federal-law claim (Count IV) for failure to state a claim under § 1915(e)(2)(B), and (3) decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims (Counts III, V, VI, and VII). (*See* ECF No. 30, PageID.451–460.)

"insufficient" responses to a show cause order issued by Judge Ivy. (ECF No. 30, PageID.451.)

Toward the end of her filing, Plaintiff states:

> 7. The Plaintiff objects to the two issues raised;
>
> A. lack of proper service of process, and
>
> B. The Plaintiff's insufficiency of response to show cause order.
>
> ANSWER TO ISSUE A:
>
> The whole purpose of service is so the Defendants should receive the pleadings. As the Recommender admits, they have (with overwhelming evidence in PACER system of certified international mail and admission of the Clerk); because they answered the Complaint. How is it that the Recommender does not dignify the answer by the Defendants by not imposing the same requirements of hiring an international service process server of the University who have almost unlimited resources?
>
> ANSWER TO ISSUE B;
>
> Plaintiff by resubmitting the entire Complaint Summons and responses to Defendants and making a due diligent effort to contact the Clerk, contact the Court's office, and getting estimates from international process servers and translators; has adhered to the requirements of the Show Cause Order.

> 8. The Recommender goes to a long extent to make the recommendation to dismiss this case before this Honorable Court and attacks the merits of the case. The Plaintiff has presented her case properly before this Court to plead for justice, which for Plaintiff means THE TRUTH. In order for truth to come out, Courts go through discovery and cross-pleadings. The Recommender has ignored the Plaintiff's entitlement to such constitutionally protected rights to be heard.
>
> 9. This Honorable Court has not had the opportunity to hear the case in open Court nor by the Jury which was demanded in this case. It appears that the Recommender is asserting a Motion for Summary Disposition on behalf of the Defendants. This is not the position the Recommender should undertake.

(ECF No. 31, PageID.482–483 (emphasis in original).)

Plaintiff's objections are overruled. She does not identify an error in the R&R or demonstrate that the R&R is incorrect. As a result, she does not provide a basis for the Court to reject the R&R.

Throughout the rest of her filing, Plaintiff objects generally to the R&R, repeats arguments that were before Judge Ivy, and presents information that Judge Ivy did not have an opportunity to consider. These portions of Plaintiff's filing are improper objections and are therefore overruled as well. *See Coleman-Bey*, 287 F. App'x at 422; *Miller*, 50 F.3d at 380; *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210,

213 (E.D. Mich. 2022) ("Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000))); *Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)); *Daniel v. Fighter-Daniel*, No. 24-cv-11218, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were never presented before the magistrate judge, they are not considered here." (internal citation omitted)).

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 31) are OVERRULED, the R&R (ECF No. 30) is ADOPTED, the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, Plaintiff's motion for an extension of time (ECF Nos. 27, 29) is DENIED, and the University Paris Pantheon-Assas' submission (ECF No. 19) is STRICKEN.

IT IS SO ORDERED.

Dated: August 6, 2026 s/Judith E. Levy
Ann Arbor, Michigan JUDITH E. LEVY

United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager